**JOHN S. CLAPP, Appellant**

**v.**

**COLUMBUS BAY CORPORATION,**
**Harold G. Holcombe, Jr., and John B. Faile, Appellees**

No. 14,851
United States Court of Appeals
Third Circuit

Argued June 18, 1964
Decided June 26, 1964*

YOUNG, ISHERWOOD, and MARSH, Christiansted, St. Croix, Virgin Islands, *for plaintiff-appellant*

A. CUYLER TEN EYCK, JR., Christiansted, St. Croix, Virgin Islands, *for plaintiff-appellees*

Before McLAUGHLIN, KALODNER, and STALEY, *Circuit Judges*

PER CURIAM

On review of the record we find no error. The Judgment of the District Court will be affirmed.

* Plaintiff-appellant's brief listed the Statement of Questions Involved as follows:

  1. Where contract restricts subsequent sales while any indebtedness is unpaid original seller, should subsequent sale in violation of restriction be set aside?

2. Did trial court err in disregarding a fact established by stipulation?
3. Should deposit into registry of court in another and different case, for disposition as Court may order, be considered payment to plaintiff in instant case?
4. If part of consideration for sale of corporation is a share in future profits from corporation's business, should a covenant to continue such business be implied?

Defendants' brief listed the Counter-Statement of Questions Involved as follows:

1. Did the District Court correctly decide it was the intention of the parties that upon full payment of a purchase price of $140,000, more or less depending upon an accurate survey, there were no restrictions on the subsequent resale of the land in question?
2. Did the District Court correctly decide that a covenant to develop, subdivide and sell land at a profit could not be implied where it is not expressed in the contract and is contrary to the evidence adduced at trial?
3. Did the District Court correctly decide that there was full payment of the purchase price so that a subsequent resale was not in violation of any contract restriction? In this connection:
   a) Did the District Court correctly decide that there was a tender of full payment even though it was based on the results of a survey which, through no fault of the parties, was inaccurate; and, in any event,
   b) Can there be a valid objection to the tender of payment where the difference between the purchase price based on the inaccurate survey and the purchase price based on a subsequent survey has been paid to the Clerk of the District Court in a companion declaratory judgment action in which plaintiff in this action is a party defendant?

For decision of District Court in this case, see p. 549, this volume.

623